UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

CHRISTOPHER GORDON,

                Plaintiff,

-against-

The City of New York, Martin F. Horn,
Commissioner of the New York City
Department of Corrections; MICHAEL
HOURIHANE, Warden, AMKC Facility
at Rikers Island, and Captain R. JOHNSON
Shield #0320, Officer BAYLOR, Shield
#14891, Officer ARROYO, Shield #14251,
New York City Department of Health and
Hospital Corporation, Clinic Staff,
OKECHUKWU IGWE, Doctor JAMES TAFT,

                Defendants.
----------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER

09-CV-3908 (CBA)(LB)

**AMON, United States District Judge:**

On August 28, 2009, plaintiff Christopher Gordon, incarcerated at the Anna M. Kross Center ("AMKC") on Rikers Island, filed this *pro se* action pursuant to 42 U.S.C. § 1983 against the New York City Department of Corrections, Captain R. Johnson and Correction Officer Baylor alleging, *inter alia*, the denial of prescribed supportive footwear and the denial of medical treatment. By order dated September 15, 2009, the Court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directed the United States Marshals Service to serve the summons and complaint without prepayment. On October 28, 2009, plaintiff filed an amended complaint wherein plaintiff named additional defendants and amended his statement of claim. For the reasons set forth below, the amended complaint is dismissed against the City of New York, Martin F. Horn, Commissioner, Michael Hourihane, Warden, the New York City Department of Corrections, and the New York City Department of Health and Hospitals Corporation.

## Background

In the original complaint, plaintiff alleged that he was denied supportive footwear prescribed by a doctor, that he was denied medical treatment, and that he was denied access to the law library. Compl. at ¶ IV. In the amended complaint, plaintiff alleges that he suffers from a medical condition related to his toes that requires prescribed supportive footwear. Plaintiff alleges that on September 27, 2008, he "contracted a skin disorder after being housed at the Otis Bantum Correction Center" and that he was prescribed medication for this skin disorder on December 19, 2008 which caused his skin to burn. Amend. Compl. at 4.[1] Plaintiff also alleges that Correction Officer Baylor, Correction Officer Arroyo and Captain R. Johnson denied his requests for law library and clinic visits and for prescribed supportive footwear. Id. at 5-7. Attached to the amended complaint, plaintiff includes copies of his requests for a second opinion and various grievances he has filed while detained at Rikers Island. He seeks $1.5 million in damages.

## Standard of Review

Under 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from officers or employees of a governmental agency and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). As plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the Court is obliged to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

---

[1] The Court references the page numbers assigned to the Amended Complaint by the Electronic Case Filing System.

## Discussion

A.  New York City and the New York City Police Department

Plaintiff names the City of New York, the New York City Health and Hospitals Corporation ("HHC") and the New York City Department of Corrections. It is well-settled that in order to state a claim against a municipality such as the City of New York, a plaintiff must allege that the constitutional violations resulted from a municipal policy or custom. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978); Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 124-25 (2d Cir. 2004). "HHC is a municipal entity subject to this analysis." Cerbelli v. City of New York, 600 F. Supp. 2d 405, 410 n.4 (E.D.N.Y. 2008) (citing Rookard v. Health & Hosps. Corp., 710 F.2d 41, 45 (2d Cir. 1983)); Richardson v. New York City Health and Hospitals Corp., No. 05 Civ. 6278, 2009 WL 804096, at *22 (S.D.N.Y. Mar. 25, 2009). "Demonstrating that the municipality itself caused or is implicated in the constitutional violation is the touchstone of establishing that a municipality can be held liable for unconstitutional actions taken by municipal employees." Amnesty Am., 361 F.3d at 125. *Respondeat superior* cannot be used to establish municipal liability under § 1983. Monell, 436 U.S. at 691. Here, there are no facts alleged in the amended complaint to support a claim against the City of New York or the HHC. Accordingly, the action as to the City of New York and HHC is dismissed pursuant to 28 U.S.C. § 1915A(b).

To the extent plaintiff seeks to sue the New York City Department of Corrections, that claim also fails. As an agency of the City of New York, the New York City Department of Corrections cannot be sued independently. Lauro v. Charles, 219 F.3d 202, 205 n.2 (2d Cir. 2000); see, e.g., Bailey v. New York City Police Dep't, 910 F. Supp. 116, 117 (E.D.N.Y. 1996); N.Y.C. Charter, Ch. 17, § 396. Thus, the action as to the New York City Department of Corrections is dismissed pursuant to 28 U.S.C. § 1915A(b).

B.  <u>Supervisory Liability</u>

Plaintiff also names the Commissioner of the New York City Department of Corrections, Martin F. Horn, and the Warden at AMKC on Rikers Island, Michael Hourihane. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." <u>Farrell v. Burke</u>, 449 F.3d 470, 484 (2d Cir. 2006) (citing <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994)). To establish the personal involvement of a supervisor, plaintiff must establish that the supervisor either

> (1) directly participated in the violation, (2) failed to remedy the violation after being informed of it by report or appeal, (3) created a policy or custom under which the violation occurred, (4) was grossly negligent in supervising subordinates who committed the violation, or (5) was deliberately indifferent to the rights of others by failing to act on information that constitutional rights were being violated.

<u>Iqbal v. Hasty</u>, 490 F.3d 143, 152-53 (2d Cir. 2007) (citing <u>Colon v. Coughlin</u>, 58 F.3d 865, 873 (2d Cir. 1995)). Supervisory liability cannot rest on a *respondeat superior* theory or on "linkage in the ... chain of command." <u>Hernandez v. Keane</u>, 341 F.3d 137, 144 (2d Cir. 2003) (citations omitted). Here, plaintiff fails to allege facts demonstrating that defendant Horn or Hourihane had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights. Since the claim against these defendants, as presently stated, can be supported only on the basis of the *respondeat superior* or vicarious liability doctrines, which are not applicable to § 1983 actions, the claim must be dismissed against defendants Horn and Hourihane. 28 U.S.C. § 1915A(b).

## Conclusion

Accordingly, the amended complaint, filed *in forma pauperis*, is dismissed against defendants City of New York, Martin F. Horn, Commissioner, Michael Hourihane, Warden, the New York City Department of Corrections, and the New York City Department of Health and Hospitals Corporation. 28 U.S.C. § 1915A(b). No summons shall issue against these defendants.

4

The amended complaint shall proceed as to defendants Captain R. Johnson, Shield #0320, Officer Baylor, Shield #14891, Officer Arroyo, Shield #14251, Clinician Okechukwu Igwe and Doctor James Taft. The Clerk of Court is directed to prepare an amended summons and the United States Marshals Services is directed to serve the amended summons and amended complaint upon these defendants. A copy of this order and a copy of the amended complaint shall be served on the Corporation Counsel for the City of New York, Special Federal Litigation Division. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
November 18, 2009

/S/

CAROL BAGLEY AMON
United States District Judge